IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN GLASPIE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-0066-P-BK |
| | § | |
| JUDGE GEORGE R. COLLINS, | § | |
| ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed for want of jurisdiction and as frivolous, and that Plaintiff be warned that sanctions may be imposed.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint asserting civil rights violations under 42 U.S.C. § 1983 against Defendants George R. Collins, Associate Judge of Family Court No. 1, sitting in the 330th Judicial District of Dallas County, Texas; Cassandra Anderson, Court Reporter; and Maurice A. Aguilar, Assistant Attorney General, Child Support Division. (Doc. 3 at 1.) This Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the complaint and answers to the Magistrate Judge's questionnaire. (Doc. 3, 8.)

This action arose from a family court proceeding involving Plaintiff and his ex-wife, Michelle Bullard, in which Plaintiff was held in contempt of court for failing to tender child

support payments and subsequently confined in the Dallas County Jail.[1]  (Doc. 3 at 4-5; Doc. 8 at 1).  By this suit, Plaintiff appears to allege constitutional violations, contending that Judge Collins wrongfully jailed and denied him access to an attorney and an appeal.  (Doc. 3 at 1; Doc. 8, ans. 1, 4.)  In addition, he alleges that "Judge Collins and Reporter Cassandra Anderson apparently and clearly obstructed court transcripts from the original report of the January 21st 2010, trial."  *Id*., ans. 1.  Further, "Plaintiff contends that Attorney Aguilar knew or should have known that payments where [*sic*] maid [*sic*], instead he was set on wrongfully conspired [sic] to incarcerate the Plaintiff, through Michelle."  *Id*., ans. 5.  Plaintiff requests $1,000,000 in damages.  (Doc. 3 at 4.)

    **B.**    **Prior Actions**

While previously incarcerated, Plaintiff filed at least three actions in this Court, which were dismissed as frivolous.  Consequently, the Court barred him from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), the three-strike provision of the Prison Litigation Reform Act (PLRA).  *See Glaspie v. Valdez, et al.*, No. 3:07cv-2011-L (N.D. Tex. Apr. 29, 2008) (collecting prior strikes and dismissals in this court and the United States Court of Appeals for the Fifth Circuit).  However, because Plaintiff is no longer incarcerated, the three-strike provision does not bar him from proceeding *in forma pauperis* in this case.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (three-strike provision bars only a prisoner plaintiff from filing *in forma pauperis* complaints or appeals in federal court).

---

[1] *In re Elijah J. Glaspie*, No. DF-03-08036-Y (330th Dist. Ct., Dallas County, Tex. June 3, 2010) (available online at the Dallas County website).

## II. ANALYSIS

### A.    Plaintiff's Claims Subject to Dismissal for Want of Jurisdiction

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over claims under section 1983, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[2] "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

---

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Weekly*, 204 F.3d at 615.

Here, Plaintiff's claims against Judge Collins and Attorney Aguilar are a collateral attack on the family court proceedings in which Plaintiff was held in contempt of court. (Doc. 3 at 4). Having failed to properly pursue the matter through the state appellate courts, Plaintiff now requests this Court to declare unconstitutional the actions of the state court and to award him compensatory damages. However, his constitutional claims – namely the denial of an attorney and an appeal, and his alleged wrongful imprisonment – are "inextricably intertwined" with the state court proceedings finding him in contempt of court.

Whether Plaintiff's claims against Judge Collins and Aguilar constitute an impermissible, collateral attack on the state court proceedings holding Plaintiff in contempt, or merely raise constitutional claims that are inextricably intertwined with the state court's proceedings, this Court lacks subject matter jurisdiction to review Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Jordaan*, 275 F.Supp.2d at 788-89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action.). Consequently, Plaintiff's claims against Judge Collins and Aguilar should be dismissed for want of jurisdiction.

### B. Plaintiff's Remaining Claim is Frivolous

Next, Plaintiff alleges that Judge Collins and Court Reporter Anderson "obstruct[ed] court transcripts." (Doc. 3 at 3.) Because Plaintiff is proceeding *in forma pauperis*, this claim is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte*

dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, Plaintiff's allegations regarding the obstruction of court transcripts should be dismissed as frivolous.  Plaintiff does not present any facts in support of his claim.  When asked to identify all acts or omissions committed, the exact or approximate date on which each act or omission was committed, and the constitutional right(s) violated, Plaintiff merely states that "Judge Collins and Reporter Cassandra Anderson apparently and clearly obstructed court transcripts from the original report of the January 21, 2010, trial."  (Doc. 8, ans. 1.)  Plaintiff also avers that Anderson "was the responsible reporter," and asks this Court to "[p]lease view Exhibits 'C' and 'D.'" *Id.* ans. 4.  Exhibit C is a copy of the official transcript of the January 2010 court proceedings prepared and certified by Anderson, whereas Exhibit D consists of Plaintiff's version of what transpired in court on January 21, 2010.  *Id.* at 11-27.

In any event, Plaintiff does not have a constitutional right to a "totally accurate transcript." *See Hampton v. Segura*, 276 Fed. Appx. 413, 415 (5th Cir. 2008) (unpublished *per curiam*) (court reporter's alleged inaccuracies in transcription of criminal contempt proceeding against attorney was insufficient to support attorney's section1983 claim against court reporter; even though reporter's work was less than perfect, the inaccuracies did not materially alter the

5

transcript such that her constitutional rights were violated). Moreover, even if Plaintiff can show that the transcript is inaccurate, he still must show that he was materially prejudiced thereby. *See Hampton*, 276 Fed. Appx. at 415*; see also Anderson v. County of Hamilton,* 780 F.Supp.2d 635 (S.D. Ohio 2011) (in the absence of any allegations showing how plaintiff suffered an injury as a result of alleged errors in transcription, plaintiff failed to state a federal claim against the court reporter). Here, apart from providing his own transcribed version, Plaintiff does not explain whether the transcription errors were substantial or material. (Doc. 8, ans. 4.) Thus, Plaintiff's claim against Anderson amounts at the most to negligence transcription, which is insufficient to support a section 1983 claim. *See Hampton*, 276 Fed. Appx. at 415.

Moreover, Judge Collins is absolutely immune from a claim for damages stemming from his alleged involvement in the "obstruct[ion of] court transcripts." His actions, during the court proceedings that are the basis for this claim, were taken in his capacity and function as a judge. *See Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). Accordingly, Plaintiff's claim against Judge Collins and Anderson for "obstruct[ing] court transcripts" lacks any arguable basis in law and should be dismissed with prejudice as frivolous.

### C. Sanction Warning

In light of Plaintiff's filing history and three-strike bar as a prisoner, Plaintiff should be warned that if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action *in forma pauperis*, regardless of his custody status, without prior court approval. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have

inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Collins and Aguilar be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction, and that Plaintiff's claim against Defendants Collins and Anderson for "obstruct[ing] court transcripts" be **DISMISSED** *sua sponte* with prejudice as frivolous. It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction.

SIGNED July 11, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE